**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

              **Plaintiff,**

v.

                                                           **21-CR-138JLS**

**DIAMOND ALLEN,**

              **Defendant.**

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Diamond Allen ("the defendant"), is charged along with two co-defendants with having violated Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) and 856(a)(1); Title 18 U.S.C. §§ 924(c)(1)(A)(i), 1951(a), 924(c)(1)(A)(ii), 924(C)(1)(A)(iii), 922(g)(1) and 924(a)(2). Dkt. #38.  He has filed a motion wherein he seeks suppression of the use of evidence seized pursuant to specified search warrants claiming that such warrants "are not supported by probable cause" and "contain contradictory statements as to the allegations of fact, and they are facially invalid."

Dkt. #79, pp. 4-5.  The defendant also claims that search warrants issued for the search of specified social media accounts and certain described cell phones are "overly broad and not particularized to the items sought in the search" and "alternatively, probable cause was lacking to support the breadth of the searches authorized."  Dkt. #79, pp. 5-6.  Lastly, the defendant seeks suppression of the evidence seized from the premises of 91 Butler Avenue, Buffalo, New York as part of a "parole search" involving the co-defendant Richardson.  Dkt. #79, p. 3.

The government has filed its opposition to the defendant's motion. Dkt. #93.

## **DISCUSSION AND ANALYSIS**

At the time of the filing of the defendant's motion to suppress evidence, Dkt. #79, the defendant failed to submit an affidavit based on personal expectation of privacy as to the subjects of the search warrants in question and has failed to submit an affidavit asserting his reasonable expectation of privacy in the premises designated as 91 Butler Avenue, Buffalo, New York.  Thereafter, defense counsel advised the Court that he anticipated that the defendant would execute "an affidavit of standing" with respect to these challenged search warrants and search of 91 Butler Avenue, Buffalo, New York "as soon as it is ready."  Dkt. #79, p. 3, fn. 1.  No such affidavit has been filed.  As a result, this Court is not obligated to address any of the search warrant objections

made by the defendant as well as the "parole search" of the premises located at 91 Butler Avenue, Buffalo, New York and will not do so.  *United States v. Caruso*, 684 F. Supp 84, 87 (S.D.N.Y. 1988) ("without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers.").  Indeed, the defendant's papers must raise a "sufficiently definite, specific, detailed, and nonconjectual" factual basis for the motion to require a hearing.  *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992); *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967).

      The party moving to suppress bears the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure. *Rakas v. Illinois*, 439 U.S. 128, 131 n.1 (1978).  This is because Fourth Amendment rights are personal rights which may not be vicariously asserted. *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978).  "The established principle is that suppression of a product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence." *Alderman v. United States*, 394 U.S. 165, 171-72 (1969).  Thus, a defendant cannot "challenge the search of a residence merely because he anticipate[s] that the Government will link the objects recovered in that search to defendant at trial." *United States v. Watson*, 404 F.3d 163, 166 (2d Cir. 2005). "Coconspirators and codefendants have been accorded no special standing." *Alderman,* 394 U.S. at 172.

3

Therefore, it is recommended that the defendant's motion seeking to suppress the use of evidence seized pursuant to a number of specified search warrants be in all respects denied. It is also recommended that defendant's motion seeking to suppress the use of evidence seized pursuant to a "parole search" also be denied in all respects.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of**

**such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:     Buffalo, New York
           November 6, 2023

                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**

5